IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATE O'DRISCOLL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 12 C 10164 |
| v. | ) |
| | ) Judge Amy J. St. Eve |
| ARGOSY UNIVERSITY, et. al, | ) |
| | ) |
| Defendants. | ) |

## ORDER

The Court denies Defendants' motion to dismiss Counts VI, VII, IX, and X of the Amended Complaint [44]. Joint status report with proposed dates going forward shall be filed by 3/12/14.

## STATEMENT

On November 7, 2013, Plaintiff Kate O'Driscoll brought an Amended Complaint against Defendants Argosy University, Dr. Dale Septeowski, and Education Management Corporation alleging violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.*, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. §701, *et seq.*, as well as state law claims. *See* 28 U.S.C. §§ 1331, 1367(a). Before the Court is Defendants Argosy University's and Dr. Dale Septeowski's partial motion to dismiss Plaintiff's breach of express and implied contract claims in Counts VI and VII, Plaintiff's tortious interference with contractual relations claim in Count IX, and Plaintiff's tortious interference with prospective economic advantage claim in Count X pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court denies Defendants' motion.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937,

1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013).

## BACKGROUND

In 2008, Argosy University ("Argosy") accepted Plaintiff into the Masters in Community Counseling Program ("MACC"). (R. 42, Am. Compl. ¶¶ 8, 11.) Argosy set forth the MACC Degree requirements in the Argosy University Clinical Handbook ("Handbook"). (*Id.*, Ex. A.) Plaintiff alleges that Argosy wrongfully dismissed her from the MACC degree program in 2011. (*Id.* ¶ 1.) In particular, Plaintiff contends that after she completed all of the degree requirements on or about February 7, 2011, Argosy referred her to the Student Conduct Committee because she allegedly failed to comply with remediation recommendations. (*Id.* ¶¶ 16, 51.) On March 11, 2011, Argosy dismissed Plaintiff from the MACC program for failing to successfully complete the requirements for graduation. (*Id.* ¶¶ 75, 77.)

Plaintiff further maintains that an express employment contract existed between herself and Argosy and the Handbook expressed the terms of the contract and other university policies and procedures. (*Id.* ¶ 142.) Moreover, Plaintiff alleges that she completed the MACC degree requirements for graduation and paid all tuition due to Argosy. (*Id.* ¶¶ 12, 16.) Nevertheless, according to Plaintiff, Argosy breached the express contract by failing to follow provisions expressed in the Handbook. (*Id.* ¶ 148.)

Furthermore, Plaintiff alleges that in 2008, she visited Dr. Septeowski, the Chair of the Counselor Education Program, at his office, and Dr. Septeowski showed her sexually suggestive material and later made degrading remarks about women. (*Id.* ¶¶ 5, 21-22.) Plaintiff also alleges that Argosy's Academic Catalog prohibits displaying sexually suggestive materials. (*Id.* ¶ 185.) She further asserts that she objected to Dr. Septeowski's conduct and made verbal and written complaints regarding this alleged discrimination to numerous Argosy staff, including the Director of Student Services. (*Id.* ¶¶ 22-25, 36.) In addition, Plaintiff contends that Dr. Septeowski later gave her a C- in his "Career and Lifestyle" class in 2009 in an act of retaliation. (*Id.* ¶¶ 22-24.) Similarly, Plaintiff alleges that Dr. Septeowski disseminated false statements concerning her reputation and her record with the University and that those statements caused Argosy to dismiss her from the University. (*Id.* ¶ 187.)

After Argosy dismissed her, Plaintiff applied for therapist positions with prospective employers. (*Id.* ¶¶ 79-81.) Plaintiff alleges that she had an expectation of full employment due to the interest shown by multiple employers, namely, Arlington Accounting Services, Davidson & Associates, KI Industries, and Institute for Motivational Development. (*Id.* ¶¶ 194-95.) She further contends that one of these opportunities was contingent upon a review of her references and another required a counseling degree. (*Id.* ¶ 195.) Based on these facts, Plaintiff alleges that Argosy and Dr. Septeowski caused her to lose multiple prospective employment opportunities. (*Id.* ¶¶ 195-97.) Specifically, she asserts that Argosy misrepresented the dates that Plaintiff attended Argosy University and that the misrepresentations resulted in her failure to secure a position with Arlington Counseling Services. (*Id.* ¶¶ 79-81, 195.) She also alleges that Dr.

Septeowski's conduct was the reason Argosy dismissed her from the MACC program, and, consequently, the dismissal caused her to lose other employment opportunities. (*Id*. ¶ 197.)

**ANALYSIS**

I.     **Breach of Express and Implied Contract — Counts VI and VII**

In Counts VI and VII of her Amended Complaint, Plaintiff alleges that Defendants breached either an express or implied contract.  "[A] college or university and its students have a contractual relationship, and the terms of the contract are generally set forth in the school's catalogs and bulletins." *Raethz v. Aurora Univ.,* 346 Ill.App.3d 728, 732, 805 N.E.2d 696, 699, 282 Ill.Dec. 77, 80 (2d Dist. 2004).  "An implied contract arises where the intention of the parties is not expressed but an agreement in fact creating an obligation is implied or presumed from their acts — in other words, where circumstances under common understanding show a mutual intent to contract." *Brody v. Finch Univ. of Health Sciences/The Chicago Med. Sch.,* 298 Ill.App.3d 146, 154, 698 N.E.2d 257, 265, 232 Ill.Dec. 419, 427 (2d Dist. 1998).  Nevertheless, "the relationship between a student and a private university is unique and cannot be strictly categorized or characterized in purely contractual terms." *Raethz,* 346 Ill.App.3d at 732; *see also Seitz-Partridge v. Loyola Univ. of Chicago,* 409 Ill.App.3d 76, 82-83, 948 N.E.2d 219, 22, 350 Ill.Dec. 150, 157 (1st Dist. 2011).  "[I]n the student-university context, a student may have a remedy for breach of contract when it is alleged that an adverse academic decision has been made concerning the student but only if that decision was made arbitrarily, capriciously, or in bad faith." *Raethz,* 346 Ill.App.3d at 732.  In other words, a "student has a valid cause of action against a school when it is alleged that an adverse decision against a student 'supposedly for academic deficiencies, was made arbitrarily, capriciously, and in bad faith.'" *Seitz-Partridge,* 409 Ill.App.3d at 82-83 (citation omitted).  In general, "a court may not override the academic decision of a university 'unless it is such a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment.'" *Raethz*, 346 Ill.App.2d at 732 (quoting *Regents of the Univ. of Michigan v. Ewing,* 474 U.S. 214, 225, 106 S.Ct. 507, 513, 88 L.Ed.2d 523, 532 (1985)).

In their motion to dismiss, Defendants argue that Plaintiff has failed to sufficiently allege that Defendants' conduct was arbitrary and capricious as required by Illinois law.  In particular, Defendants contend that Plaintiff's factual allegations merely show that she had disagreements with her professors about her evaluations and assessments.  Plaintiff, on the other hand, maintains that, construing the allegations in a light most favorable to her, *see Alam,* 708 F.3d at 665-66, she has sufficiently alleged that her advisor and instructor, Dr. Septeowski, showed her sexually suggestive materials despite the fact that Argosy's Academic Catalog prohibits displaying sexually suggestive materials.  Plaintiff also alleges that Dr. Septeowski made degrading remarks about women.  When Plaintiff objected to Dr. Septeowski's misconduct and made formal complaints about it, Dr. Septeowski retaliated against her by giving her a C- in the course "Career and Lifestyle."  Further, Plaintiff alleges that Dr. Septeowski then disseminated false statements about her that impugned her good name and her university record causing Argosy to terminate her from the university despite the fact that she completed all of the requirements for a Master's Degree. (Am. Compl. ¶¶ 1, 16.)

Based on these allegations of misconduct, Plaintiff maintains that she has sufficiently alleged that her dismissal from the MACC program was arbitrary, capricious, and made in bad faith. Indeed, taking Plaintiff's allegations as true, she has alleged that Defendants substantially departed from the accepted academic norms by retaliating against her for reporting inappropriate conduct and basing the decision to terminate her on false statements. *See Raethz,* 346 Ill.App.3d at 732. As such, Plaintiff has set forth sufficient factual content to allow the Court to draw the reasonable inference that Defendants are liable for breach of contract under the circumstances. *See Iqbal*, 556 U.S. at 678; *Twombly,* 550 U.S. at 570. Therefore, the Court denies Defendants' motion to dismiss Counts VI and VII.

## II.     Tortious Interference with Contractual Relations ─ Count IX

In Count IX of her Amended Complaint, Plaintiff alleges that Dr. Septeowski tortiously interfered with her contract with Argosy University. To establish a claim for tortious interference with a contract under Illinois law, a plaintiff must demonstrate "(1) the existence of a valid and enforceable contract between the plaintiff and another; (2) the defendant's awareness of the contract; (3) the defendant's intentional and unjustified inducement of a breach of the contract; (4) a subsequent breach by the other, caused by the defendant's conduct; and (5) damages." *Hess v. Kanoski & Assoc.,* 668 F.3d 446, 454 (7th Cir. 2012) (quoting *Complete Conference Coordinators, Inc. v. Kumon North Am., Inc.*, 394 Ill.App.3d 105, 109, 915 N.E.2d 88, 93, 333 Ill.Dec. 567, 572 (2d Dist. 2009)).

In the present motion, Defendants argue that Plaintiff has failed to allege a tortious interference with contract claim as a matter of law because Dr. Septeowski cannot tortiously interfere with a contract to which he is a party. *See Cress v. Recreation Servs., Inc.*, 341 Ill.App.3d 149, 176, 795 N.E.2d 817, 844, 277 Ill.Dec. 149, 176 (2d Dist. 2003) ("a defendant cannot tortiously interfere with a contract to which he is a party"); *see also Nation v. American Capital, Ltd.*, 682 F.3d 648, 652 (7th Cir. 2012) ("It is settled law that a party cannot tortiously interfere with his own contract; the tortfeasor must be a third party to the contractual relationship.") (citation omitted). Specifically, Defendants argue that Dr. Septeowski is a party to the contract because as a professor and Chair of Counselor Education, he was working on behalf of his employer Argosy. *See Quist v. Board of Trs. of Cmty. Coll. Dist. No. 525,* 258 Ill.App.3d 814, 821, 629 N.E.2d 807, 812, 196 Ill.Dec. 262, 267 (3d Dist. 1994); *see also Traum v. Equitable Life Assurance Soc'y,* 240 F.Supp.2d 776, 792 (N.D. Ill. 2002) ("An agent of a principal is conditionally privileged against a claim that it interfered in a third party's relationship with the principal.").

In response, Plaintiff contends that she has sufficiently alleged facts to overcome Dr. Septeowski's privilege as Argosy's agent by alleging that Dr. Septeowski's conduct was malicious and unjustified and that his conduct was unrelated and antagonistic to the University's interest. *See Citylink Group, Ltd. v. Hyatt Corp.,* 313 Ill.App.3d 829, 841, 729 N.E.2d 869, 877, 246 Ill.Dec. 218, 226 (1st Dist. 2000) ("To overcome the privilege, plaintiffs must allege or prove that a defendant acted in its own interests and contrary to the interests of its principal, or engage in conduct totally unrelated or antagonistic to the interest giving rise to the privilege."); *Storm & Assoc. Ltd. v. Cuculich,* 298 Ill.App.3d 1040, 1052, 700 N.E.2d 202, 210, 233 Ill.Dec. 101, 109 (1st Dist. 1998) ("Even in circumstances where an agent is cloaked with a qualified

privilege, a claim for tortious interference may lie where the agent's actions in interfering with the principal's contract are unjustified or malicious, such as where the agent's conduct is totally unrelated or antagonistic to the principal's interests.").

Viewing the well-pleaded allegations as true and in Plaintiff's favor, she has sufficiently set forth facts that Dr. Septeowski was not acting on behalf of Argosy as its agent because his misconduct was malicious, unjustified, and antagonistic to the interests of the university. Specifically, Plaintiff alleges that Dr. Septeowski violated the Argosy's Academic Catalog by displaying sexually suggestive materials in his office. She further alleges that Dr. Septeowski made degrading remarks about women. When Plaintiff reported Dr. Septeowski's misconduct to numerous Argosy officials, Dr. Septeowski retaliated against her. Further, Plaintiff alleges that Dr. Septeowski disseminated false statements about her that impugned her good name and her university record causing Argosy to terminate her from the university despite the fact that she completed all of the requirements for a Master's Degree. In sum, Plaintiff has set forth sufficient factual allegations that state a claim to relief that is plausible on its face. *See Twombly,* 550 U.S. at 570. Therefore, the Court denies Defendants' motion to dismiss Count IX.

### III. Tortious Interference with Prospective Economic Advantage — Count X

Next, in Count X of her Amended Complaint, Plaintiff alleges a tortious interference with prospective economic advantage claim against both Argosy and Dr. Septeowski. To establish a tortious interference with economic advantage claim pursuant to Illinois law, a plaintiff must show: (1) "a reasonable expectancy of entering into a valid business relationship;" (2) "the defendant's knowledge of the expectancy;" (3) "an intentional and unjustified interference by the defendant that induced or caused a breach or termination of the expectancy;" and (4) "damage to the plaintiff resulting from the defendant's interference." *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 508 (7th Cir. 2007) (quoting *Voyles v. Sandia Mortgage Corp.*, 196 Ill. 2d 288, 751 N.E.2d 1126, 1133-34, 256 Ill. Dec. 289 (Ill. 2001) (internal quotations omitted)).

At issue in this motion is whether Plaintiff has sufficiently alleged the first element of a tortious interference with prospective economic advantage claim, namely, that she had a reasonable expectation of entering into a valid business relationship with a prospective employer, such as Arlington Accounting Services, Davidson & Associates, KI Industries, or Institute for Motivational Development. In their motion, Defendants specifically argue that the hope of receiving a job offer is not a sufficient expectation to establish the first element of Plaintiff's claim. *See Anderson v. Vanden Dorpel,* 172 Ill.2d 399, 407, 667 N.E.2d 1296, 1299, 217 Ill.Dec. 720, 723 (Ill. 1996). In *Anderson*, the Supreme Court of Illinois did not conclude that a job applicant must have a "firm offer in hand" to state a claim for intentional interference with prospective economic advantage. *Id*. Instead, the Illinois court concluded that the plaintiff's allegations at issue demonstrated "nothing more than that the plaintiff was a candidate for a position with the [prospective employer] and that she was scheduled for further interviews at the time her candidacy came to an end." *See id*. at 407-08.

Here, Plaintiff alleges that she had a legitimate expectation of future employment because four employers expressed an interest in retaining her services. (Am. Compl. ¶ 195.) More specifically, she alleges that she applied for a therapist position at Arlington Counseling Services and interviewed with Brian Garibaldi, LCPC, who stated that he would hire her upon checking

5

her references.  (*Id*. ¶ 79.)  Plaintiff further alleges that approximately two weeks later, Argosy sent a letter to Mr. Garibaldi that misrepresented the dates she had attended Argosy, after which Mr. Garbibaldi did not offer her the position.  (*Id*. ¶¶ 79-80.)  In addition, Plaintiff alleges that two other prospective employers informed her that when they checked her credentials, Argosy told them that Plaintiff had never attended the University.  (*Id.* ¶ 81.)  Viewing these allegations in Plaintiff's favor, she has sufficiently alleged that she had more than a hope of receiving a job offer because she alleges that Mr. Garibaldi told her that he would hire her upon checking her references.  Thus, Plaintiff's expectancy of entering into a valid business relationship was not merely her subjective belief.  *See Anderson,* 172 Ill.2d at 409.  Accordingly, Plaintiff has sufficiently alleged the first element of her tortious interference with prospective economic advantage claim under the federal pleading standards*. See, e.g., McGreal v. Village of Orland Park,* No. 12 C 5135, 2013 WL 3984477, at *10 (N.D. Ill. Aug. 2, 2013): *James v. Intercontinental Hotels Group Res., Inc.,* No 09 C 781, 2010 WL 529444, at *4 (N.D. Ill. Feb. 10, 2010).  Specifically, Plaintiff's Amended Complaint contains allegations that state a tortious interference with prospective economic advantage claim that is plausible on its face.  *See Scott v. Chuhak & Tecson, P.C.,* 725 F.3d 772, 782 (7th Cir. 2013) ("Although a complaint 'does not need detailed factual allegations' to survive a motion to dismiss under Rule 12(b)(6), the complaint must contain 'enough facts to state a claim for relief that is plausible on its face.'" (quoting *Twombly*, 550 U.S. at 570); *see also Iqbal,* 556 U.S. a 679 ("Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").  Therefore, the Court denies Defendants' motion to dismiss Count X of the Amended Complaint.

On a final note, throughout the present motion to dismiss and their legal memoranda, Defendants have repeatedly set forth their own version of the facts and have asked the Court to make factual inferences in their favor.  As the Seventh Circuit explained approximately 27 years ago, "the defendant cannot, in presenting its 12(b)(6) challenge, attempt to refute the complaint or to present a different set of allegations.  The attack is on the sufficiency of the complaint, and the defendant cannot set or alter the terms of the dispute, but must demonstrate that the plaintiff's claim, as set forth by the complaint, is without legal consequence." *Gomez v. Illinois State Bd. of Educ.,* 811 F.2d 1030, 1039 (7th Cir. 1987).  This requirement holds true after the Supreme Court's decisions in *Iqbal* and *Twombly. See Iqbal,* 556 U.S. at 678 ("for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true"); *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam) ("when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").  The Court therefore denies Defendants' motion to dismiss.

**Dated:** February 25, 2014

**AMY J. ST. EVE**
**United States District Court Judge**